**MCDONNELL CROWLEY, LLC**
115 Maple Avenue
Red Bank, New Jersey 07701
(732) 383-7233
Brian T. Crowley (BC 2778)
*Counsel for John M. McDonnell,*
*Chapter 7 Trustee*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>AMY L. FANG**,**<br><br>         Debtor. | Case No.  12-26863(MBK)<br><br>Chapter 7 |
| JOHN M. MCDONNELL, AS CHAPTER 7 TRUSTEE,<br><br>         Plaintiff,<br><br>v.<br><br>AMY L. FANG,<br><br>         Defendant. | Adv. Pro. No. 13-_____ (MBK) |

### COMPLAINT TO DETERMINE NON-DISCHARGEABILITY
### AND TO OBJECT TO DEBTOR'S DISCHARGE

John M. McDonnell, Chapter 7 Trustee (the "Plaintiff" or the "Trustee"), by and through

his undersigned counsel, McDonnell Crowley, LLC, by way of a Complaint against Amy L.

Fang, the chapter 7 debtor (the "Defendant" or the "Debtor"), hereby alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334 (b), 28 U.S.C. §157(a) and (b)(1).

2.      Venue is properly fixed in this Court pursuant to 28 U.S.C. §1409.

3.      This is a core proceeding that may be heard and determined by a bankruptcy judge pursuant to 28 U.S.C. §157(b)(2)(A), (B), (I), and (J).

4.      This is an adversary proceeding to object to the Defendant's discharge pursuant, among other things, to 11 U.S.C. §727.

## PARTIES

5.      The Defendant is the debtor in the within chapter 7 proceeding, with an address at 351 State Road Princeton, New Jersey 08540.

6.      The Plaintiff is the appointed Chapter 7 Trustee in the Defendant's chapter 7 proceeding.

## BACKGROUND

**Procedural Background**

7.      On July 2, 2012 (the "Petition Date"), the Debtor filed her voluntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"). *See* Court Docket in *In re Amy L. Fang, Case No. 12-26863(MBK)* (the "Main Case Docket"), No. 1.

8.      On July 11, 2012, the Trustee was appointed, has duly qualified and is acting in that capacity. *See* Main Case Docket No. 3.

9.      The Debtor's 341(a) meeting of creditors (the "341 Meeting") was held on September 10, 2012.

**B.      The Trustee's Turnover Motion**

10.     The Debtor initially failed to properly disclose various potential property of the estate.

11.     On Schedule "B" of her Petition the Debtor lists personal property with an aggregate value of approximately $6,404.07.  *See* Main Case Docket No. 1-3.

12.     The largest asset listed on Schedule "B" of her Petition the Debtor, is a checking account at "Abacus Federal Savings Bank" with a total balance of $3,144.07.   *See* Main Case Docket No. 1-4.

13.     The Debtor lists no other bank accounts on Schedule "B' or any interests in any trusts.  *See* Main Case Docket No. 1-4.

14.     The Debtor lists no closed financial accountants in response to question no. 11 on her Statement of Financial Affairs.  *See* Main Case Docket No. 1.

15.     Based upon information and belief, the Debtor actually had/has interests in banks accounts with PNC Bank, Sovereign Bank, Romasia Bank, and two accounts with Abacus Federal Savings Bank.

16.     On her Statement of Financial Affairs to the Petition, in the Debtor response to Question No. 16, regarding a "Spouse or Former Spouse" the Debtor simply lists "None."  *See* Main Case Docket No. 1-2.

17.     Based upon information and belief, the Debtor was married to Mr. Zhou Fang (the "Decedent").

18.     Based upon further information and belief, the Decedent passed away prior to the Petition Date.

19.     Upon questioning by the Trustee at the 341 Meeting, the Trustee became suspicious of the Debtor's answers to certain questions he was asking that related to the recent passing of her husband and certain insurance proceeds related to the same.  Based upon the questionable testimony, the Trustee demanded the turnover of various documents, including, but not limited to, information on any life insurance proceeds the Debtor received/and or she was a beneficiary of from as it related to the Decedent.

20.     In response the Trustee's demand for documents, on September 21, 2012, the Debtor produced various documents (the "Debtor's Initial Response"), including two life insurance policies (collectively the "Life Insurance Policies") with AXA Equitable Life Insurance Company with coverage amounts both in the amounts of $180,000 and the "Primary Beneficiary" listed is his "wife" "Jian Hua Liang".  *See* Exhibit "A" to Main Case Docket No. 13.

21.     On her Petition the Debtor in response to the question to list "[a]ll other Names used by the Debtor in the last 8 Years" the following name was listed "Jianhua Liang."  *See* Main Case Docket No. 1.

22.      The apparent contingent beneficiaries listed on the Life Insurance Policies are the Decedent's son, En Guang Fang, and his daughter Phoebe Fang.  *See* Exhibit "A" to Main Case Docket No. 13.

23.     No other beneficiaries are listed in the Life Insurance Policies. *See* Exhibit "A" to Main Case Docket No. 13.

4

24.     The Debtor's Initial Response noted, among other things, "[a]ll proceeds from the

life insurance policies have been placed in a trust account.  An amount of $330,000.00 was

placed into money accounts of the Trust on March 14, 2012 as evidence by the documents

enclosed.  The remaining $30,000 was placed in a checking account with PNC Bank on that

same day."  *See* Exhibit "A" to Main Case Docket No. 12.

25.     As part of the Debtor's Initial Response, also included documents related to a

"Revocable Living Trust Agreement" dated December 1, 2011, that appears to have been created

for the benefit of certain family members of the Decedent, including the Debtor and her children.

*See* Exhibit "A" to Main Case Docket No. 12.

26.     The Debtor's Initial Response provided no explanation on why the Debtor, the

named beneficiary of the Life Insurance Policies, was not paid all the insurance proceeds

(collectively, the "Undisclosed Insurance Proceeds") from the Life Insurance Policies.

Moreover, the Debtor's Initial Response made no mention of whose name appears on the "PNC

Bank" checking account in the $30,000.

27.     On September 24, 2012, the same day the Trustee received the Debtor's Initial

Response, the Trustee, thorough his proposed counsel, demanded the turnover of the

Undisclosed Insurance Proceeds and the Debtor has failed to provide any response.

28.     On September 26, 2012, the Trustee filed his motion to compel turnover (the

"Turnover Motion") of the Undisclosed Insurance Proceeds.  *See* Main Case Docket No. 12.

29.     On October 18, 2012, the Debtor untimely filed her objection (the "Debtor's

Objection") to the turnover motion.  *See* Main Case Docket No. 28.

30.     Some of the documents provided in the Debtor's Objection appeared to conflict

with the documents and information relied upon by the Trustee in his Turnover Motion.  The

documents and information relied upon by the Trustee in his Turnover Motion were also largely supplied by the Debtor.

31.    This Court granted the Trustee's initially request for an adjournment of the Turnover Motion to digest the untimely filed Debtor's Objection.    Thereafter, the Trustee requested additional documents and information from the Debtor, as well as a further adjournment of the Turnover Motion as he conducted his investigation to look into the information provided by the Debtor in the Debtor's Objection.  Indeed, much of the information in the Debtor's Objection required discovery of third parties not easily assessable to the Trustee. Unfortunately, since the Debtor only provided some of the further additional information requested and would not respond to the Trustee's request for an adjournment - rather burden this Court with issues related to non-consensual adjournments, on November 21, 2012, the Trustee will withdrew, *without prejudice*, his Turnover Motion (the "Trustee's Limited Withdrawal"). *See* Main Case Docket No. 29.

32.    In the Trustee's Limited Withdrawal, the Trustee noted he would be retaining special litigation counsel to vigorously pursue the estate's rights in the property at issue in the Turnover Motion and reserved any of the estate's rights and remedies regarding the same. *See* Main Case Docket No. 29.

33.    On December 5, 2012, the Trustee filed his application to retain Perkins Coie, LLP as his special counsel ("Special Counsel") to investigate issues related to the Undisclosed Insurance Proceeds. *See* Main Case Docket No. 34.

34.    On December 14, 2012, this Court entered an order granting the Trustee's retention his Special Counsel. *See* Main Case Docket No. 35.

6

**C.      The First and Second Motions to Extend Time to Object to the Debtor's Discharge**

35.      The original deadline to object to the Debtor's discharge was October 15, 2012.

36.      On October 10, 2012, in response to the Debtor's failure to provide information

and documents, and property as noted more fully in his Turnover Motion, the Trustee filed his

first motion to extend time to object to discharge (the "First Motion to Extend"). *See* Main Case

Docket No. 20.

37.      On November 29, 2012, this Court entered an order (the "First Extension Order")

granting the relief sought in the First Motion to Extend. *See* Main Case Docket No. 31.

38.      Pursuant to the terms of the First Extension Order, the deadline to object to the

Debtor's discharge was January 14, 2013. *See* Main Case Docket No. 31.

39.      On January 14, 2013, in further response to the Debtor's continued failure to

provide information and documents the Trustee filed his second motion to extend time to object

to discharge (the "Second Motion to Extend"). *See* Main Case Docket No. 38.

40.      On February 5, 2013, this Court entered an order (the "Second Extension Order")

granting the relief sought in the Second Motion to Extend. *See* Main Case Docket No. 39.

41.      Pursuant to the terms of the Second Extension Order, the deadline to object to the

Debtor's discharge is April 15, 2013. *See* Main Case Docket No. 39.

**D.      The Trustee's Additional recent efforts to work with the Debtor to secure the
Turnover of Information and Property of the Estate**

42.      On or about March 4, 2013, Hyung Seok Kim filed his substitution for counsel for

the Debtor, and removing Heng Wang as the Debtor's counsel. *See* Main Case Docket No. 42.

43.      No amendment has been filed to the Debtor's Petition and Schedules to reflect

any ownership of property, real or personal, including, but not limited to, any interest the Debtor

may have in any trust, even if just a limited beneficial interest as the Debtor appears to assert.

7

44.    The Trustee, through his counsel and Special Counsel worked on a resolution of issues related to the Undisclosed Insurance Proceeds and other open issues in the case.

45.    Despite some communication between counsel for the Debtor and the Trustee regarding the information the Trustee requested to be turned over – the Debtor has failed to provide a substantive response to the Trustee's repeated requests for information requested, including, but not limited to, events explaining how her husband, on this death bed, empowered his wife (the Debtor) through a power of attorney, to remove herself from an insurance policy worth approximately $360,000, in favor of a newly formed trust, which she is apparently one of the benefices, all within months of her filing her own bankruptcy.

46.    Moreover, based upon information, belief, and the limited documents/information turned over by the Debtor, in response to the Trustee's repeated demands for documents and information, it appears that the Debtor also failed to disclose other potential assets of the estate including an ownership interest in a corporate interest, certain insurance policies, and a potential claim against a former business partner of the Debtor, undisclosed bank accountants, and potential transfers to third parties.

## COUNT ONE

47.    The Plaintiff repeats and realleges each and every allegation contained above as if set forth at length herein.

48.    Pursuant to 11 U.S.C. §727(a)(2)(B), a debtor should be denied a discharge when, after the date of the filing of the petition, he/she transfers, removes, destroys, conceals, or mutilates his/her property with the intent to hinder, delay, or defraud a creditor or an officer of the estate.

49.     The Debtor concealed the full nature of certain property of the estate and/or potential property of the estate after the Petition Date.

50.     Accordingly, the Defendant's discharge should be denied under 11 U.S.C. §727(a)(2)(B).  Pursuant to 11 U.S.C. § 727(c)(1), the Trustee may object to the granting of a discharge under 11 U.S.C.§ 727(a).

**WHEREFORE,** the Plaintiff demands judgment against the Defendant as follows:

a.     For an order denying the Defendant's discharge pursuant to 11 U.S.C. §727(a)(2)(B); and

b.     For such other and further relief as this Court deems just, proper, and equitable.

## COUNT TWO

51.     The Plaintiff repeats and realleges each and every allegation contained above as if set forth at length herein.

52.     Pursuant to 11 U.S.C. §727(a)(3), a debtor may be denied a discharge if he/she conceals, destroys, mutilates, falsifies, or fails to keep any recorded information from which the debtor's financial condition or business transactions may be ascertained.

53.     The Defendant has failed to provide a reasonable explanation for failing to properly disclose certain potential property and/or potential transfers to third parties and, upon information and belief, has intentionally concealed, falsified and/or failed to keep information from which the Debtor's financial condition and/or business transactions may be ascertained.

54.     Hence, the Defendant should be denied a discharge pursuant to 11 U.S.C. §727(a)(3).  Pursuant to 11 U.S.C. § 727(c)(1), the Trustee may object to the granting of a discharge under 11 U.S.C. § 727(a).

**WHEREFORE,** the Plaintiff demands judgment against the Defendant as follows:

a.   For an order denying the Defendant's discharge pursuant to 11 U.S.C. §727(a)(3); and

b.   For such other and further relief as this Court deems just, proper and equitable.

## COUNT THREE

55.   The Plaintiff repeats and realleges each and every allegation contained above as if set forth at length herein.

56.   Pursuant to 11 U.S.C. §727(a)(4), a debtor may be denied a discharge if he/she knowingly and fraudulently, in or connection with the case –

(A)   made a false oath or account;
(B)   presented or used a false claim;
(C)   gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting for forbearing to act; or
(D)   withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.

57.   In the instant case, the Defendant has concealed or failed to properly keep or preserve recorded information, including, books, documents, records and papers from which the Defendant's financial condition and business transactions can be determined, specifically as it relates to certain property of the estate and/or potential transfers to third parties.

58.   Hence, the Defendant should be denied a discharge pursuant to 11 U.S.C. §727(a)(4).

**WHEREFORE,** the Plaintiff demands judgment against the Defendant as follows:

a.   For an order denying the Defendant's discharge pursuant to 11 U.S.C. §727(a)(4); and

b.   For such other and further relief as this Court deems just, proper, and equitable.

## COUNT FOUR

59.    The Plaintiff repeats and realleges each and every allegation contained above as if set forth at length herein.

60.    Pursuant to 11 U.S.C. §727(a)(5), a debtor may be denied a discharge if he/she fails to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

61.    In this case, the Defendant has failed to satisfactorily explain a loss of assets or deficiency of assets.

62.    Hence, the Defendant should be denied a discharge pursuant to 11 U.S.C. §727(a)(5).

**WHEREFORE,** the Plaintiff demands judgment against the Defendant as follows:

a.    For an order denying the Defendant's discharge pursuant to 11 U.S.C. §727(a)(5); and

b.    For such other and further relief as this Court deems just, proper and equitable.

## COUNT FIVE

63.    The Plaintiff repeats and realleges each and every allegation contained above as if set forth at length herein.

64.    The Plaintiff incurred legal expenses in order to pursue the within claims against the Defendant and to uncover certain property of the estate and/or potential transfers to third parties.

65.    The Plaintiff is entitled to reasonable attorneys' fees pursuant to Fed. R. Bankr. P. 7008(b).

**WHEREFORE**, the Plaintiff demands judgment against Defendant as follows:

a.  For an order compelling the Defendant to pay the Trustee's reasonable attorneys' fees pursuant to Fed. R. Bankr. P. 7008(b); and

c.  granting such other relief that this Court deems just, proper, and equitable.

## COUNT SIX

66.  The Plaintiff repeats and realleges each and every allegation contained above as if set forth at length herein.

67.  The Plaintiff hereby expressly reserves his right to (i) commence any and all other claims, causes of action that he may maintain on behalf of the estate against the Defendant, by amending this Complaint or by separate action, and (ii) assert any available objections to any claims that the Defendant may have.

**WHEREFORE,** the Plaintiff demands judgment in his favor and against the Defendant, as follows:

(a) granting the relief as more fully set forth herein; and

(b) granting such other relief that this Court deems just, proper, and equitable.

**McDonnell Crowley, LLC**
*Counsel for John M. McDonnell,*
*Chapter 7 Trustee*


By:_____*/s/ Brian T. Crowley*_____
                    BRIAN T. CROWLEY

Dated: April 15, 2013

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I, **John M. McDonnell**, hereby verify that the foregoing statements are true and correct

to the best of my knowledge and belief.


DATED:  April 15, 2013                          */s/ John M. McDonnell*
                                                  JOHN M. MCDONNELL