Order Filed on
**12/18/2012**
by Clerk U.S. Bankruptcy
Court District of New Jersey

McDonnell Crowley, LLC
115 Maple Avenue
Red Bank, New Jersey 07701
(732) 383-7233
bcrowley@mcdonnellcrowley.com
Brian T. Crowley (BC2778)
*Counsel to John M. McDonnell,
Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>FRED TEICHER and NORMA O. TEICHER,<br><br>Debtors. | Case No. 12-23577 (KCF)<br><br>Honorable Kathryn C. Ferguson<br><br>Chapter 7 |

### STIPULATION AND CONSENT ORDER

The relief set forth on the following pages, numbered two (2) through thirteen (13), is hereby **ORDERED**.

**DATED: 12/18/2012**

_____
Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

(Page 2)

Debtors:            Fred Teicher and Norma O. Teicher
Case No.:           12-23577 (KCF)
Caption of Order:   Stipulation and Consent Order

---

**THIS STIPULATION AND CONSENT ORDER** (the "Stipulation and Consent Order") is entered into by and between John M. McDonnell, Chapter 7 Trustee (the "Trustee"), not individually or personally, but as the Trustee for the estates of Fred Teicher and Norma O. Teicher, the chapter 7 debtors (the "Debtors" and together with the Trustee, the "Parties"), and the Debtors, by and through their respective counsel. The Parties hereby stipulate and agree as follows:

WHEREAS, on May 25, 2012 (the "Petition Date"), the Debtors filed joint voluntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"); and

WHEREAS, on May 30, 2012, the Trustee was appointed the Chapter 7 Trustee for the Debtor, has duly qualified and is acting in that capacity; and

WHEREAS, on June 28, 2012, the Trustee filed his application to retain McDonnell Crowley, LLC (the "Trustee's Counsel") as his counsel in these proceedings; and

WHEREAS, also on June 28, 2012, the Trustee filed his application to retain EisnerAmper LLP (the "Trustee's Accountant") as his accountant in these proceedings; and

WHEREAS, on July 6, 2012, this Court entered an order granting the Trustee's application to retain Trustee's Counsel; and

WHEREAS, also on July 6, 2012, this Court entered an order granting the Trustee's application to retain Trustee's Accountant; and

WHEREAS, the Debtors' First Meeting of Creditors (the "341 Meeting") was held on or around July 9, 2012; and

(Page 3)

Debtors: Fred Teicher and Norma O. Teicher
Case No.: 12-23577 (KCF)
Caption of Order: Stipulation and Consent Order

---

WHEREAS, among the real property listed on Schedule "A" of the Debtors' Petition and Schedules is a half interest in certain real property, in the form of a cooperative, located at 303 West 66th Street, New York (the "NYC COOP")[1]; and

WHEREAS, pursuant to Schedules "A" of their Petition and Schedules, the Debtors value the estates interest in the NYC COOP at $150,000;

WHEREAS, pursuant to Schedules "A" and "D" of their Petition and Schedules, $184,174 is held in secure debt on the NYC COOP; and

WHEREAS, based upon information and belief, the Debtors' son is the other owner of the NYC COOP; and

WHEREAS, the Trustee's Counsel demanded the access to the NYC COOP to allow the Trustee to inspect the property to help determine the best method to market and sell the property; and

WHEREAS, soon after the request of the Trustee's Counsel for access to the NYC COOP, the Debtors, through their counsel, scheduled a time with the Trustee and the Trustee's Counsel to inspect the property; and

WHEREAS, on July 24, 2012, the Trustee filed his application to retain Prudential Douglas Elliman Real Estate ("Prudential"); and

WHEREAS, on August 1, 2012, this Court entered an order granting the Trustee's application to retain Prudential as the Trustee's realtor for the NYC COOP; and

---

[1] The NYC COOP is more fully defined as 303 West 66th Street, Apartment No. 4A, New York, New York.

(Page 4)

Debtors: Fred Teicher and Norma O. Teicher
Case No.: 12-23577 (KCF)
Caption of Order: Stipulation and Consent Order

---

WHEREAS, Prudential prepared a CMA Report for the Trustee and valued the estates' interest at $262,500. Based upon information and belief, the valuation is based upon a sale of the entire NYC COOP, and not just the estates' half interest. Based upon further information and belief, a sale of just the estates' half interest would yield significantly less than $262,500; and

WHEREAS, among the personal property listed on Schedule "B" of the Debtors' Petition and Schedules is the following[2]:

| Discretion of Property | Ownership: Husband, Wife, Joint, or Community | The Value of the Property |
|---|---|---|
| IRA | H | $190,000 |
| IRA | W | $180,000 |
| Met Life Retirement Annuity | H | $167,500 |
| Fred Teicher 2000 revocable trust | H | $43,500.01 |
| Norma O. Teicher 2000 Revocable Trust | W | $4,420.18 |
| Fred Teicher 2000 irrevocable life insurance trust | H | $146,518.90[3] |
| Norma O. Teicher irrevocable life insurance trust | W | $0.00 [ROB CONFIRM VALUE] |
| State of Israel Bonds | H | $50,000 |
| State of Israel Bonds | W | $50,000 |

---

[2] Defined collectively hereafter as the "Selected Schedule B Assets."
[3] The value of the "Fred Teicher 2000 irrevocable life insurance trust" on Schedule "C" is "$146,518.90", which the Debtors seek to fully exempt pursuant to section 522(d)(7) of the Bankruptcy Code; however, on Schedule "B" the value is listed at "$0.00.

(Page 5)

Debtors: Fred Teicher and Norma O. Teicher
Case No.: 12-23577 (KCF)
Caption of Order: Stipulation and Consent Order

WHEREAS, among the property listed on Schedule "C" of the Debtors' Petition and Schedules that the Debtors seek to exempt is the following[4]:

| Discretion of Property | Applicable Bankruptcy Code Provisions the Asserted by the Debtors | The Value of Claimed Exemption |
|---|---|---|
| The NYC COOP | Section 522(5) | $5,000 |
| IRA | Section 522(12) | $190,000 |
| IRA | Section 522(11)(B) | $180,000 |
| Met Life Retirement Annuity | Section 522(12) | $167,500 |
| Fred Teicher 2000 irrevocable life insurance trust | Section 522(d)(7) | $146,518.90 |

WHEREAS, the Trustee's Counsel demanded the turnover of the two sets of "State of Israel Bonds" held by both the Debtors with an aggregate face value of $100,000 (the "Israeli Bonds"); and

WHEREAS, the Debtors turned over Israeli Bonds the Trustee soon after the Trustee's Counsel demanded for the turnover of the bonds;

WHEREAS, the Trustee's Counsel and the Trustee's Accountant have reviewed the ability to market and sell the Israeli Bonds and have determined that the process to transfer ownership of the Israeli Bonds is cumbersome and would require the active assistance of the

---

[4] Defined collectively hereafter as the "Selected Exemptions."

(Page 6)

Debtors: Fred Teicher and Norma O. Teicher
Case No.: 12-23577 (KCF)
Caption of Order: Stipulation and Consent Order

---

Debtors. Moreover, based upon information and belief, the maturity date of the Israeli Bonds is not for approximately two more years in 2014; and

WHEREAS, on August 1, 2012, the Trustee filed his application to retain Perkins Coie LLP ("Special Litigation Counsel") as his counsel in these proceedings to investigate, among other things, possible objections to the Selected Exemptions; and

WHEREAS, pursuant to Bankruptcy Rule 4003, the Trustee's deadline to object to the exemptions is August 8, 2012 (the "Original Objection Deadline"); and

WHEREAS, Special Litigation Counsel has advised the Trustee of, among other things, various potential causes of action the estates may have against the Debtors to challenge their claimed exemptions and the integrity of some trusts the Debtors assert protects certain funds and property from turnover to the estates and liquidation; and

WHEREAS, on August 6, 2012, Special Litigation Counsel filed a mutually agreed to stipulation between the Debtors and Trustee the "*Stipulation and Consent Order Extending Time for the Chapter 7 Trustee to Object to the Debtor's Exemptions*" to extend the Trustee's time to objection to the Debtors' exemptions (the "Extension Stipulation"); and

WHEREAS, on August 9, 2012, this Court entered an order granting the Trustee's application to retain Special Litigation Counsel; and

WHEREAS, also on August 9, 2012, this Court entered an order granting the relief sought in the Extension Stipulation; and

WHEREAS, in an attempt to avoid lengthily litigation between the Trustee and the Debtors, and circumvent the difficult process of the estates seeking to liquidate the Israeli Bonds,

(Page 7)

Debtors: Fred Teicher and Norma O. Teicher
Case No.: 12-23577 (KCF)
Caption of Order: Stipulation and Consent Order

---

the Parties have sought a global resolution that resolves all issues related to the NYC COOP, the Selected Schedule B Assets, and possible objections to the Debtors exemptions including the Selected Exemptions; and

WHEREAS, following informal discovery and good faith negotiations, the Parties desire to settle this matter to avoid further costs of litigation on the terms set forth herein; and

NOW THEREFORE, relying specifically on the foregoing recitals and in consideration of the mutual promises and covenants contained herein, the Parties hereby stipulate and agree as follows:

1. The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full, and made a part of, this Stipulation and Consent Order.

2. This Stipulation and Consent Order and all of the terms and conditions herein are hereby APPROVED in their entirety pursuant to applicable provisions of the Bankruptcy Code and Bankruptcy Rules. In addition, any actions of the Parties to the Stipulation and Consent Order necessary to consummate the transactions contemplated by the Stipulation and Consent Order also are APPROVED.

3. This Stipulation and Consent Order shall become effective on the date it is approved by the Bankruptcy Court (the "Effective Date").

4. The Debtors shall pay to the Trustee the sum of $230,000 (the "Settlement Payment") within seven (7) days of the Effective Date. The Debtors shall make the Settlement Payment by making a check payable to *"John M. McDonnell, Trustee for Fred Teicher and Norma O. Teicher"* and mail it to the following address:

(Page 8)

Debtors: Fred Teicher and Norma O. Teicher
Case No.: 12-23577 (KCF)
Caption of Order: Stipulation and Consent Order

**Brian T. Crowley, Esq.**
**McDonnell Crowley, LLC**
**115 Maple Avenue, Suite 201**
**Red Bank, New Jersey 07701**

5. The Debtors do hereby warrant and represent that they have not previously assigned, sold, transferred, conveyed or otherwise disposed of any interest, in whole or in part, in any claim, charge, demand, judgment, cause of action, damage, loss, fee, cost, expense and/or liability of any nature whatsoever that the Debtors have, had or may have against, the estates, the Trustee, whether known or unknown, choate or inchoate, fixed or contingent, at law, admiralty, in equity, or otherwise or whether based on common law or any federal or state statute, rule or regulation whether suspected or unsuspected, or whether now or previously recognized to any other person.

6. The Debtors do hereby unconditionally and absolutely withdraws, dismisses, releases, waives, and forever discharges with prejudice, any scheduled claim, any proof of claim, or any claim of any type whatsoever, asserted or unasserted, whether filed before or after the date hereof and any other claim or cause of action of any type or nature, whether known or unknown, suspected or unsuspected, against the estates, the Trustee, the Trustee's professionals, including but not limited to any claim that they are or may be entitled to under section 502 of the Bankruptcy Code and any and all such claims are hereby permanently, disallowed and irrevocably expunged.

7. The Debtors each hereby expressly and unconditionally waives any rights and/or any right to claim and/or claim as exempt the Settlement Payment and/or any proceeds derived

(Page 9)

Debtors:          Fred Teicher and Norma O. Teicher
Case No.:         12-23577 (KCF)
Caption of Order: Stipulation and Consent Order

---

therefrom, pursuant to any applicable law including, but not limited to, sections 105 and 522 of the Bankruptcy Code.

8.  Upon entry of an order by Bankruptcy Court approving this Stipulation and Consent Order and the performance of all obligations under this Stipulation and Consent Order by the Debtors, the Trustee, in his capacity as the Chapter 7 Trustee of the Debtors' bankruptcy estates, hereby releases and forever discharges the Debtors, from any and all claims, demands, causes of action, obligations, damages, and liabilities of any nature whatsoever, whether known or unknown, that the Trustee, the Debtors' bankruptcy estates ever had or now has, or may claim to have at the present time, against the Debtors that are related to the NYC COOP, the Selected Schedule B Assets, and possible objections to the Debtors exemptions, including but not limited to the Selected Exemptions. Expressly excluded from this release are all claims relating to or arising out of the enforcement of any provision of this Stipulation and Consent Order.

9.  Upon entry of an order by Bankruptcy Court approving this Stipulation and Consent Order, the payment of the Settlement Payment and the clearing of all funds related to the same, the Trustee, in his capacity as the Chapter 7 Trustee of the Debtors' bankruptcy estates, for true consideration as noted herein, hereby abandons back all the estates' rights, titles, ownership, and interests in the NYC COOP and the Israeli Bonds.

10. The Trustee is unaware of any causes of action that may exist against as it relates to actual fraud. The Trustee does reserves his right to pursue any claims against the Debtors as it relates only to actual fraud. This Stipulation and Consent Order is also not meant in any way to resolve any claims the Trustee may have against third parties.

*Approved by Judge Kathryn C. Ferguson December 18, 2012*

(Page 10)

Debtors: Fred Teicher and Norma O. Teicher
Case No.: 12-23577 (KCF)
Caption of Order: Stipulation and Consent Order

---

11. It is understood that this Stipulation and Consent Order embodies a compromise of various disputed claims, and it is not to be construed, and is not intended, as an admission or suggestion that any valid claim or cause of action exists by either party and/or that any valid defense exists to any such claims or causes of action by either party. In the event that this Stipulation and Consent Order is not approved by the Bankruptcy Court for any reason, or this Stipulation and Consent Order is otherwise deemed invalid as a result of a breach of this Stipulation and Consent Order, each party reserves all of their rights to assert any applicable claims, causes of action and defenses as against each other, the Parties, any entity or person, and/or any other party in interest.

12. Each party agrees that they shall bear their own costs and fees as it relates to this Stipulation and Consent Order, and/ or any issues arising under or related to thereto.

13. This Stipulation and Consent Order shall be construed, and the rights and liabilities of the Parties hereto shall be determined, in accordance with the laws of the State of New Jersey and applicable federal law.

14. The Bankruptcy Court for the District of New Jersey shall retain jurisdiction over the terms and conditions of this Stipulation and Consent Order, and any and all disputes, claims or actions based upon this Stipulation and Consent Order, shall be heard exclusively by the Bankruptcy Court in the District of New Jersey.

15. No failure or delay by either party in exercising any right, power, or privilege under this Stipulation and Consent Order or applicable law shall operate as a waiver against that party.

(Page 11)

| | |
|---|---|
| Debtors: | Fred Teicher and Norma O. Teicher |
| Case No.: | 12-23577 (KCF) |
| Caption of Order: | Stipulation and Consent Order |

16. The invalidity, illegality, or unenforceability of any provision of this Stipulation and Consent Order shall not affect any other provision of this Stipulation and Consent Order, which shall remain in full force and effect and which shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

17. This Stipulation and Consent Order constitutes the entire agreement between the Parties and this Stipulation and Consent Order cannot be orally altered, amended, or superseded except upon written consent of the Parties hereto. It is the intention of the Parties that this paragraph be construed as a merger clause, and that this Stipulation and Consent Order be construed as an integrated document.

18. This Stipulation and Consent Order was drafted by all the Parties and therefore the rule of law that stands for the proposition that ambiguities contained within an agreement are to be construed against the drafter thereof is inapplicable.

19. This Stipulation and Consent Order shall be binding upon and inure to the benefit of the successors and assigns of the parties hereto.

20. The persons signing below each represent and warrant that they have the authority to enter into and perform under this Stipulation and Consent Order on behalf of the party on whose behalf they so sign or represent.

21. The Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Stipulation and Consent Order, and they have not, expect as noted herein, relied upon any representations, written or oral,

(Page 12)

| | |
|---|---|
| Debtors: | Fred Teicher and Norma O. Teicher |
| Case No.: | 12-23577 (KCF) |
| Caption of Order: | Stipulation and Consent Order |

---

express or implied, of any other party or person in verifying and satisfying themselves as to such facts and/or condition of facts.

22. The Debtors each acknowledge that their attorney has advised them of the legal import and consequences of this Stipulation and Consent Order.

23. This Stipulation and Consent Order may be executed in duplicate original counterparts, each of which shall constitute an original and all of which shall constitute a single memorandum. Execution by a party of a signature page hereto shall constitute due execution and shall create a valid, binding obligation of the party so signing, and it shall not be necessary or required that the signatures of all parties appear on a single signature page hereto. It shall not be necessary, in making proof of the Stipulation and Consent Order, to produce or account for more than one (1) counterpart.

24. A facsimile or PDF signature on this Stipulation and Consent Order shall be deemed to be an original signature for all purposes. In the event that suit or a proceeding is brought to enforce the terms of this Stipulation and Consent Order, the plaintiff or movant shall not be required to produce or introduce into evidence a copy of this Stipulation and Consent Order bearing original signatures of the Parties, other than facsimile signatures.

*[The Remainder Of This Page Has Been Intentionally Left Blank]*

(Page 13)

Debtors: Fred Teicher and Norma O. Teicher
Case No.: 12-23577 (KCF)
Caption of Order: Stipulation and Consent Order

---

25. The Parties hereto shall execute and deliver such other and further documents and perform such other and further acts as may be reasonable, necessary and/or customary in order to consummate the transactions contemplated by this Stipulation and Consent Order.

**IN WITNESS WHEREOF,** each of the parties below has executed and delivered this Stipulation and Consent Order as of the date written below.

**McDonnell Crowley, LLC**
*Counsel for John M. McDonnell, not individually or personally, but as Chapter 7 Trustee for Fred Teicher and Norma O. Teicher, the Chapter 7 Debtors*

By: _____

Name: BRIAN T. CROWLEY

Date: 11/19/2012

**Robert C. Nisenson, LLC**
*Counsel for Fred Teicher and Norma O. Teicher, the Chapter 7 Debtors*

By: _____

Name: ROBERT C. NISENSON

Date: _____

**Norma O. Teicher**

By: _____

Name: NORMA O. TEICHER

Date: 10/3/12

**Fred Teicher**

By: _____

Name: FRED TEICHER

Date: 10/3/12